### HARDING P. WOODS *vs.* CALVIN SANFORD.

Under the homestead act of 1855, *c.* 238, which provides that "no property by virtue of this act shall be exempted from levy for any debt contracted previous to the passage of this act," a debtor who becomes insolvent, owing debts contracted before the passage of the act to an amount exceeding the amount exempted for a homestead, must surrender his homestead to his assignee in insolvency.

WRIT OF ENTRY to recover a tract of land in Barre with a dwelling-house thereon. The parties submitted the case to the decision of the court upon the following statement of facts:

On the 4th of March 1856 the tenant, being insolvent, applied for the benefit of the insolvent laws, and on the 17th of March his estate, including the demanded premises, was duly assigned by the commissioner of insolvency to the demandant. The tenant, then and still occupying the premises with his family, refused to yield possession thereof to the demandant, and claimed a right in them as his homestead under the *St.* of 1855, *c.* 238. The value of the dwelling-house is $3000, of other buildings on the land $1000, and of the land between $4000 and $5000. At the time of the passage of said statute the tenant had debts to the amount of $5000, secured by mortgage upon said land, which are still unpaid; and other debts to the amount of $1600, not secured in any way, which, together with other debts to a large amount, have been proved against his estate, and upon $950 of which suits had been brought and this land attached, which suits are still pending.

*C. Brimblecom*, for the demandant.

*P. E. Aldrich*, for the tenant. The tenant has a right to the homestead exemption, as against all his creditors whose claims have been created since the passage of the *St.* of 1855, *c.* 238. But if the homestead, by virtue of the assignment in insolvency, passed to the assignee, it would enure to the benefit of all the defendant's creditors, without distinction. *Norton* v. *Norton*, 5 Cush. 530. That would contravene the policy of the homestead act, which is, to secure a home to every family; and therefore the law will first appropriate other property belonging

to a debtor for the payment of his debts, before taking his homestead ; and if the other property is insufficient to pay all the debts, then preëxisting creditors, after taking their dividend with other creditors out of that property, may resort to the homestead for the payment of the balance due them.

This action cannot be maintained by the assignee ; but the remedy, if any, should be in the name of one or more of the creditors whose debt existed at the time of the passage of the homestead act; and the court will in this case exercise its chancery powers under the *St.* of 1838, *c.* 163, § 18.

BIGELOW, J.   By *St.* 1855, *c.* 238, exempting from levy on execution the homestead of a householder to the value of eight hundred dollars, it is provided, in section third, that " no property by virtue of the act shall be exempted from levy for any debt contracted previous to the passage of this act."   Under *St.* 1838, *c.* 163, § 5, an assignee in insolvency is entitled to " all property which might have been taken in execution " against the debtor.   It is clear therefore that the demanded premises might have been taken in execution for debts contracted prior to the 27th of April 1855, when the homestead exemption act was passed.   It appearing that such debts have been proved against the estate of the insolvent to an amount greater than the whole value of the homestead right of the debtor under *St.* 1855, *c* 238, it follows that the entire estate, being subject to levy on execution, vests in the demandant as assignee, who is entitled to recover it in this action.

The mode in which the assignee shall appropriate the proceeds of that part of the demanded premises, which was liable to levy on execution as to some of his creditors and exempt as to others, cannot be adjudicated in this action.   The question will properly arise on the marshalling of the assets and must be then determined.                    *Judgment for the demandant.*